FILED
United States Court of Appeals
Tenth Circuit

August 11, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

GARY WAYNE MCGREGOR,

        Plaintiff - Appellant,

    v.

DONNA THURLOW, in her individual and official capacity as Colorado Department of Corrections Time and Computational Supervisor; CATHERINE MOSCHETTI, in her individual and official capacity as a Colorado Department of Corrections Time and Compuational Employee; DAVID MICHAUD, in his individual and official capacity as the Administrative Head of the Colorado State Board of Parole; BECKY LUCERO, in her individual and official capacity as the Administrative Head of the Colorado State Board of Parole; KENNETH WILLIAMS, in his individual and official capacity as a Colorado Department of Corrections Employee; RICHARD ROBERTS, in his individual and official capacity as a Colorado Department of Corrections Employee; HAROLD BONHAM, in his individual and official capacity as a Corrections Corporation of America Employee; BRIDGETTE TORRES, in her individual and official capacity as a Corrections Corporation of America Employee; RICHARD SMELSER, in his individual and official capacity as

No. 11-1224

(D. Colorado)

(D.C. No. 1:11-CV-00771-LTB)

a Corrections Corporation of America
Employee,

         Defendants - Appellees.

---

## ORDER AND JUDGMENT[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Gary Wayne McGregor, a Colorado inmate proceeding pro se, appeals the

dismissal of his civil-rights claims brought under 42 U.S.C. § 1983.  He contends

that he has been entitled to mandatory parole for more than four years and that his

continued incarceration violates his federal constitutional rights to due process

and freedom from cruel and unusual punishment.  He seeks immediate release as

well as compensatory and punitive damages.  The United States District Court for

the District of Colorado ruled that Mr. McGregor's claims are legally frivolous

because his contentions regarding mandatory parole had already been rejected in

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his earlier habeas proceeding under 28 U.S.C. § 2241. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

On March 6, 1986, Mr. McGregor was sentenced to (a) concurrent 16-year sentences on one count of attempted murder in the second degree and one count of first-degree assault; (b) a consecutive 24-year sentence on a count of first-degree sexual assault; and (c) a consecutive 16-year sentence on a count of aggravated robbery, for a total incarceration of 56 years. His crimes had been committed on April 23, 1985.

On appeal Mr. McGregor asserts that prison authorities repeatedly told him how his release date would be calculated and contends that the calculated date is now long past. Also, he interprets Colorado statutes as setting a mandatory release date that has expired.

To be sure, if Mr. McGregor is being incarcerated after he should have been released under Colorado law, then his confinement violates his right to due process, and it may also constitute cruel and unusual punishment. But the determining issue is what state law requires. And on that issue the state courts have the last word. "[S]tate courts are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975); *see Winters v. New York*, 333 U.S. 507, 514 (1948) ("The interpretation [of the New York statute] by the [New York] Court of Appeals puts these words in the statute as definitely as if it had been so

amended by the legislature."). In November 2009, Mr. McGregor filed an application for habeas corpus in state court raising essentially the same arguments he now makes. The state district court rejected his arguments in an order dated November 24, 2009; and the Colorado Supreme Court affirmed on May 7, 2010. Because the Colorado courts have spoken on the specific issues before us, we must follow their reading of Colorado law.

Accordingly Mr. McGregor's claims lack merit.

## III.  CONCLUSION

We AFFIRM the district court's dismissal. Both the district court's denial of Mr. McGregor's motion and our affirmance of that denial COUNT AS STRIKES for purposes of 28 U.S.C. § 1915(g). We DENY Mr. McGregor's motion for leave to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge